IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA WOOD, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>COUNTY OF COSTA COUNTY, et al.,<br>　　　　Defendants. | Case No. 21-cv-00611-MMC<br><br>**ORDER GRANTING DEFENDANT CAREY'S MOTION TO DISMISS; DISMISSING ALL CLAIMS AGAINST CAREY; DISMISSING TP'S CLAIMS AGAINST ALL REMAINING DEFENDANTS; VACATING HEARING** |

　　　　Before the Court is defendant Mary P. Carey's ("Carey") Motion, filed February 19, 2021, "to Dismiss Plaintiff's Operative Pleading."[1] Plaintiff Andrea Wood ("Wood"), who proceeds pro se, has filed opposition, to which Carey has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for May 21, 2021, and hereby rules as follows.

　　　　In the operative complaint, titled "Amended First Draft, in Second Statute of Limitations (2019-2021)," which pleading the Court construes as plaintiffs' First Amended Complaint ("FAC"), plaintiffs Wood and "TP" assert claims under 42 U.S.C. § 1983 against twelve defendants, including Carey. Plaintiffs' claims arise from their allegations that the County of Contra Costa improperly removed from Wood's custody her three minor children, TP, HP, and KP, and that a state court, during the course of subsequent child dependency proceedings, would not return HP and KP to Wood and, instead,

---

[1] The Motion includes a request that plaintiff be declared a vexatious litigant, which request the Court will address by separate order.

placed them in foster care.[2] With respect to defendant Carey, who represented Wood during a portion of the child dependency proceedings, plaintiffs base their § 1983 claims on the following allegations: (1) Wood gave Carey "evidence by hand and by email," but Carey "blocked this evidence from being admitted" (see FAC ¶ 12; see also FAC ¶ 16.F (alleging Carey "blocked photo evidence that was helpful to Wood's case")); and (2) Carey "requested on [the] record" that the state court "block visitation between Wood and her children" (see FAC ¶ 12).

Carey argues the claims asserted against her are subject to dismissal. As set forth below, the Court agrees.

First, as Carey points out, and Wood acknowledges in her opposition, TP is a minor. As a minor, TP may not appear in court without counsel, see Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (holding "guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer"), and, as TP does not have counsel, his claims against Carey will be dismissed, without prejudice to TP's asserting those claims, if he wishes to do so, upon retaining counsel or after he reaches the age of majority, see id. at 878 (dismissing without prejudice claims asserted on behalf of minor who lacked counsel). Additionally, as the above-referenced deficiency is applicable to TP's claims against all other defendants, his claims against them likewise are subject to dismissal. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where motion to dismiss complaint is granted as to moving defendant, court may dismiss complaint as asserted against non-moving defendants "in a position similar to that of moving defendant[ ]").

Second, Wood's claims against Carey, all of which, as noted, are brought under § 1983, are subject to dismissal for failure to state a cognizable claim. Specifically, a claim under § 1983 requires a showing that the defendant "acted under color of state law," and "an attorney, whether retained or appointed, does not act under color of state

---

[2] The state court returned TP to Wood's custody.

2

law." See Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (internal quotation and citation omitted) (affirming dismissal of § 1983 claim, where plaintiff based claim on allegation his retained attorney "failed to render him reasonable assistance during a state criminal trial"); see also Whealton v. Riverside County Public Defenders Office, 2008 WL 2156725, *1, *3 (C.D. Cal. May 18, 2008) (dismissing § 1983 claim based on allegation attorney appointed by state court in child dependency proceeding "failed to properly represent [plaintiffs] during the dependency hearing").

Accordingly, the motion to dismiss will be granted.

## CONCLUSION

For the reasons stated, Carey's motion to dismiss is hereby GRANTED, as follows:

1. TP's claims against all defendants are hereby DISMISSED without prejudice.

2. Wood's claims against Carey are hereby DISMISSED for failure to state a claim.

**IT IS SO ORDERED.**

Dated: May 17, 2021

MAXINE M. CHESNEY
United States District Judge

3