IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA WOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　Defendant. | Case No. 21-cv-00611-MMC<br><br>**ORDER GRANTING DEFENDANT MARY CAREY'S MOTION TO DECLARE PLAINTIFF ANDREA WOOD VEXATIOUS LITIGANT; DIRECTIONS TO CLERK** |

On February 19, 2021, defendant Mary P. Carey ("Carey") filed a "Motion to Dismiss Plaintiff's Operative Pleading . . . and to Declare Plaintiff a Vexatious Litigant." After the motion was fully briefed, the Court, by order filed May 17, 2021, granted the motion to the extent it sought dismissal of the claims asserted by plaintiffs Andrea Wood ("Wood") and "TP," a minor, and deferred ruling on Carey's request for an order declaring Wood a vexatious litigant. The Court now rules on that remaining issue.

**LEGAL STANDARD**

A district court has "inherent power to enter pre-filing orders against vexatious litigants." See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Before a district court may issue an order finding a litigant vexatious and imposing pre-filing restrictions, however, the court must (1) provide the litigant "with adequate notice and a chance to be heard before the order [is] filed," (2) "include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order [is] needed," (3) "make substantive findings as to the frivolous and harassing nature of the litigant's actions," and (4) "narrowly tailor[ ]" the order "to closely fit the specific vice encountered." See De Long v. Hennessey, 912 F.2d 1144, 1447-48 (9th Cir. 1990)

1  (internal quotation and citation omitted).

## DISCUSSION

Carey, an attorney, contends a vexatious litigant order is warranted in light of Wood's having filed multiple actions against Carey, each arising out of Carey's legal representation of Wood in child dependency proceedings held in state court.

### A. Notice and Opportunity to Be Heard

Carey's request for issuance of a vexatious litigant order provides ample notice to Wood of the civil actions on which the request is based, and Wood has taken the opportunity to be heard by filing opposition to the request; in addition, the Court afforded Wood leave to file a surreply to address a new argument made in Carey's reply, and Wood availed herself of that opportunity as well.

### B. Summary of Wood's Civil Actions Against Carey

In the above-titled action, Wood, proceeding pro se, asserted claims against a number of individuals, as well as government entities, all based on allegations that the County of Contra Costa improperly removed her three minor children from her custody and that, in the course of subsequent child dependency proceedings, the state court declined to return custody of two of the children to Wood and, instead, placed them in foster care. Carey represented Wood during a portion of the child dependency proceedings.

The instant action is the fifth action in which Wood has alleged claims against Carey arising from Carey's legal representation of Wood, which actions are summarized below.

**1. Wood 1**

In Wood v. Carey, Contra Costa Superior Court Case No. C19-00363, filed February 28, 2019 (hereinafter "Wood 1"), the one case Wood filed in state court and, chronologically, the first of the five actions, Wood, appearing by counsel, asserted against Carey and Carey's law firm claims of professional negligence pertaining to decisions allegedly made by Carey in the course of representing Wood in the child

2

dependency proceedings.  (See Carey's Req. for Judicial Notice ¶¶ 1-2, Exs.1-2.)[1]  In particular, Wood alleged Carey "refused to offer" evidence that, according to Wood, would have been "beneficial" (see id. Ex. 1 ¶ 15) and that, at a court hearing, Carey "requested" the state court "block visitation between [Wood] and her son" (see id. Ex. 1 ¶ 16).

On August 19, 2019, the state court judge assigned to Wood 1 dismissed the operative complaint "without prejudice as premature and without leave to amend."  (See Carey's Req. for Judicial Notice ¶¶ 1-2, Exs.1-2.)[2]

### 2. Wood 2

In Wood v. County of Contra Costa, Civil Case No. 19-2678 JD, filed May 17, 2019, in this district (hereinafter, "Wood 2"), Wood, proceeding pro se, asserted claims under 42 U.S.C. § 1983, the First Amendment, the Fourteenth Amendment, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), based on allegations that Carey, along with social workers employed by the County, a deputy county counsel, an attorney who represented one of Wood's children, two California superior court judges, and one of Wood's neighbors, conspired to deprive Wood of custody of her children.  According to Wood, Carey participated in the alleged conspiracy by "blocking the admission of evidence that would have contributed positively to [Wood's] defense" (see Amended Complaint [Doc. No. 8 in Wood 2] ("AC") ¶ 31), "allow[ing] hearsay and perjured statements to be admitted without objection" (see AC ¶ 32), and "stat[ing] on the record" that she "had made a request that there be no contact between [Wood] and [one of her children]" (see AC ¶ 41; see also AC ¶ 30 (alleging Carey "blocked visitations")).

---

[1] Carey's request, unopposed by Wood, that the Court take judicial notice of the operative complaint and order of dismissal filed in said state court action is GRANTED.  See Rosales–Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) (holding courts "may take judicial notice of judicial proceedings in other courts").

[2] Beyond the above-quoted language and the phrase "[u]pon oral argument and good cause appearing," the order of dismissal provides no explanation for the court's ruling.

Additionally, Wood alleged, Carey "conspir[ed]" with the state court judge and others to "obstruct[ ] justice" (see AC ¶ 96), in particular, by "coach[ing]" one of Wood's children to "untruthfully testify" and to "tell less than the whole truth" (see AC ¶¶ 104-05).

After a number of defendants, including Carey, had filed motions to dismiss, and after those motions had been fully briefed but before the district judge assigned to the matter had made any ruling thereon, Wood, on July 20, 2019, voluntarily dismissed the case without prejudice.

### 3. Wood 3

The third of the five cases brought against Casey, Wood v County of Contra Costa, Civil Case No. 19-4266 MMC (hereinafter, "Wood 3"),[3] was filed July 25, 2019. In Wood 3, Wood, proceeding pro se, reasserted the claims made in Wood 2, specifically, claims under § 1983, the First Amendment, the Fourteenth Amendment, and RICO, based on allegations that Carey, along with the same defendants named in Wood 2 and one individual not named in Wood 2, conspired to deprive Wood of custody of her children. Wood again alleged that Carey participated in the asserted conspiracy by "blocking [Wood's] evidence" (see Amended Complaint ("AC") [Doc. No. 7 in Wood 3] ¶ 23), and "stat[ing] on the record" that "there be no contact between [Wood] and [one of her children]" (see AC ¶ 27). Additionally, Wood again alleged that Carey "conspir[ed]" with the state court judge and others to "obstruct[ ] justice" (see AC ¶ 81) by "coach[ing]" one of Wood's children to "untruthfully testify" and to "tell less than the whole truth" (see AC ¶¶ 90-91).

Carey filed a motion to dismiss Wood 3, as did several other defendants. By order

---

[3] The Court refers to said action as "Wood 3" for the reason that it is the third action in which she names Carey as a defendant. In the period between the filing of Wood 2 and Wood 3, however, Wood, proceeding pro se, filed three additional cases arising from the child dependency proceedings, albeit not cases in which Carey was named as a defendant. See Wood v. County of Contra Costa, Civil Case No. 19-3885 EJD, filed July 5, 2019, Wood v. Chidi, Civil Case No. 19-4202 JD, filed July 22, 2019, and Wood v. Williams, Civil Case No. 19-4247 JD, filed July 24, 2019. All three ultimately were dismissed by court order.

4

1  filed October 8, 2019, the Court granted the motions, finding Wood's claims against all
2  defendants were subject to dismissal under the Rooker–Feldman doctrine, see Rooker v.
3  Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman,
4  460 U.S. 462 (1983), for the reason that the claims were dependent upon a finding that
5  the state court's rulings, as the product of a conspiracy, were erroneous, and under
6  Younger v. Harris, 401 U.S. 37 (1971), for the reason that, at the time she filed Wood 3,
7  her appeal from adverse decisions made in the child dependency proceedings was
8  pending before the California Court of Appeal.

In connection with her motion to dismiss, Carey requested, as did other defendants named in Wood 3, an order declaring Wood a vexatious litigant.  The Court, by order filed October 15, 2019, found the actions denominated herein as Wood 2 and Wood 3 were meritless, but denied the requests for a vexatious litigant order, noting such denial was without prejudice to renewal if circumstances changed.[4]

**4. Wood 4**

The fourth of the five cases brought against Casey, Wood v. County of Contra Costa, Civil Case No. 19-7124 MMC (hereinafter, Wood 4), was filed October 29, 2019. In Wood 4, Wood, proceeding pro se, asserted a RICO claim against Carey, as well as the state court judge hearing the child dependency proceedings and others.  Once again, Wood alleged Carey had "conspir[ed]" with the state court judge and others to "obstruct[ ] justice" (see Compl. [Doc. No. 1 in Wood 4] ¶ 50) by "coach[ing]" one of Wood's children to "untruthfully testify" and to "tell less than the whole truth" (see Compl. ¶¶ 59-60).

By order filed December 3, 2019, the Court, after affording Wood an opportunity to show cause why Wood 4 should not be dismissed as wholly duplicative of the unmeritorious RICO claim alleged in Wood 3, dismissed the action, finding the RICO

---

[4] In denying the request without prejudice, the Court noted Wood had filed in district court the three above-referenced pro se actions in which Carey was not named and that those three actions remained pending determination by the judges to whom they were assigned.

claim subject to dismissal under the Rooker-Feldman and Younger doctrines, i.e., the same reasons for which Wood 3 was dismissed.

### 5. Wood 5

In the instant case (hereinafter, Wood 5), filed January 28, 2021, Wood asserted Carey and others violated § 1983, which claim, as it pertained to Carey, was based on Wood's allegations that, although Wood provided Carey with "evidence" to present to the state court, Carey "blocked" such evidence from being admitted (see First Amended Complaint ("FAC") [Doc No. 4 in Wood 5] ¶¶ 12, 16F), and that Carey "requested on [the] record" that the state court "block visitation between Wood and her children" (see FAC ¶ 12).  The claims in Wood 5 differed from those in Wood 2 and Wood 3 only in that Wood dropped her allegation that Carey's conduct was part of a conspiracy with the state court judge and others.

As noted, the Court, on May 17, 2021, dismissed Wood's claims against Carey. In particular, the Court found Carey, as a private attorney not alleged to be conspiring with state officials, was not acting under color of state law and, consequently, could not be held liable under § 1983.

**C. Need for Issuance of Vexatious Litigant Order**

The Court next considers whether the record supports a finding that imposition of a vexatious litigant order is warranted.  To make such a determination, a court "needs to look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."  See De Long, 912 F.2d at 1148.

In considering Carey's first request for a vexatious litigant order, which request, as noted, was made in Wood 3, the Court found the claims asserted in Wood 3 were wholly without merit, and that the claims asserted in Wood 2 and then voluntarily dismissed were, in all material respects, indistinguishable from those asserted in Wood 3, findings the Court makes again herein.  Just two weeks later, Wood, undissuaded in any manner by the Court's ruling in Wood 3, filed Wood 4, in which she reasserted claims she had made against Carey in Wood 2 and Wood 3.  Next, following the dismissal of Wood 4,

1  Wood filed Wood 5, in which Wood, albeit no longer alleging a conspiracy, asserted
2  against Carey claims arising from the same set of operative facts as set forth in Wood 2,
3  Wood 3, and Wood 4.
4        In sum, Wood, after filing through counsel a legal malpractice case in state court,
5  filed in serial fashion four pro se complaints against Carey in federal court, each of those
6  five cases being based on the same set of operative facts; moreover, in addition to
7  requiring Carey to repetitively defend herself in multiple meritless federal actions, Wood
8  filed the first and second of those federal actions at a time when her state court case was
9  pending in state court, thereby requiring Carey to defend herself in multiple forums at the
10 same time. Given their number and timing, the Court finds Wood's federal filings against
11 Carey were both frivolous and reflective of a pattern of harassment.
12       Under such circumstances, the Court finds a vexatious litigant order is warranted.
13 See Moy v. United States, 906 F.2d 467, 469-70 (9th Cir. 1990) (affirming finding of
14 vexatiousness where plaintiff brought two actions in which he filed multiple claims "arising
15 out of same set of operative facts").

16 **D. Narrowly Tailored**

17       As set forth below, the Court will limit the scope of the vexatious litigant order to
18 any claim by Wood against Carey arising from Carey's prior representation of Wood in
19 the child dependency proceedings.

20 **CONCLUSION**

21       For the reasons stated above, Mary P. Carey's request for imposition of a
22 vexatious litigant order is hereby GRANTED, as follows:
23       1. Andrea Wood is hereby DECLARED a vexatious litigant.
24       2. The Clerk of Court shall not file or accept any further complaint from Wood,
25 where such complaint asserts any claim based on Carey's representation of Wood in
26 child dependency proceedings in the Superior Court of California, in and for the County of
27 Contra Costa, unless and until the complaint has first been reviewed by the general duty
28 judge of this district and approved for filing.

3. If Wood wishes to file such a complaint, she shall provide a copy of the complaint, a letter requesting the complaint be filed, and a copy of this Order to the Clerk of Court.  The Clerk shall then forward the complaint, letter, and copy of this Order to the general duty judge for a determination as to whether the complaint should be accepted for filing.

**IT IS SO ORDERED.**

Dated: October 6, 2021

MAXINE M. CHESNEY
United States District Judge